The Honorable Richard A. Jones
Trial Date: Not Set

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PARADIGM CLINICAL RESEARCH INSTITUTE, INC., a California corporation; RAMPRADAD DANDILLAYA, M.D., an individual; JUAN JESUS ROJAS DE BORBON, an individual,<br><br>Defendants. | Case No. 2:21-cv-00753-RAJ<br><br>**PARADIGM CLINICAL RESEARCH INSTITUTE, INC.'S ANSWER AND COUNTERCLAIMS AGAINST AMAZON.COM SERVICES LLC** |

## ANSWER

COMES NOW Paradigm Clinical Research Institute, Inc., ("Paradigm") and answers the complaint by plaintiff Amazon.com Services LLC ("Amazon") as follows:

## INTRODUCTION

1.       Answering Paragraph 1 of Amazon's Complaint, Paradigm denies that this is a straightforward breach of contract and fraud case. Paradigm further denies that it made false claims to Amazon. Paradigm admits that it contracted with Amazon for millions of pairs of gloves and that Amazon paid over $10 million to Paradigm. Paradigm denies that the gloves were not what Paradigm had represented or what the contracts required. Paradigm denies that

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

1   Amazon timely canceled the contracts. Paradigm also denies that it refused to provide the

2   refunds or that the refund was required.

3       2.       Answering Paragraph 2 of Amazon's Complaint, Paradigm denies that it

4   committed fraud. Paradigm admits that in the early days of COVID-19, there was a perceived

5   shortage of PPE.

6       3.       Paragraph 3 of the Complaint does not contain averments to which responses are

7   required.  To the degree that responses are required, Paradigm admits that Amazon sought gloves

8   for its employees and admits that its employees were hard-working. Paradigm is without

9   sufficient information or knowledge as to Amazon's requirements and Amazon's ultimate plan

10  for the gloves. Paradigm admits that that it represented that it had access to gloves. Paradigm

11  denies that it made any specific representations as to the manufacturer. Paradigm denies that

12  Amazon relied on Paradigm's representations before placing its orders. Paradigm admits that

13  Amazon agreed to purchase 80 million pairs of gloves for $20 million. Paradigm lacks sufficient

14  information to admit or deny the remaining allegations in this paragraph and therefore denies

15  them.

16      4.       Answering Paragraph 4 of Amazon's Complaint, Paradigm is without sufficient

17  knowledge or information of Amazon's normal payment terms and therefore denies the

18  allegation. Paradigm admits that Amazon paid Paradigm a $10 million deposit for the gloves

19  (50% of the total purchase price).

20      5.       Answering Paragraph 5 of Amazon's Complaint, Paradigm denies that it

21  repeatedly misrepresented the source, qualifications, and nature of the gloves.  Paradigm is

22  informed and believes that the gloves passed Amazon's SGS testing. Paradigm lacks sufficient

23  information to admit or deny the remaining allegations in this paragraph and therefore denies

24  them.

25      6.       Answering Paragraph 6 of Amazon's Complaint, Paradigm lacks sufficient

26  information to admit or deny whether the gloves were distributed or the timing of Amazon's

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS          2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

actions.  Paradigm admits that Amazon cancelled the orders, demanded that Paradigm take the gloves back and refund the money.  Paradigm denies the remaining allegations in this paragraph.

7.      Answering Paragraph 7 of Amazon's Complaint, Paradigm denies the allegations contained therein.

8.      Paragraph 8 of the Complaint does not contain averments to which responses are required.  To the degree that responses are required, answering Paragraph 8 of Amazon's Complaint, Paradigm denies that Amazon is entitled to recover damages or seek an injunction. Paradigm also denies that it committed any fraudulent conduct.

## PARTIES

9.      Answering Paragraph 9 of Amazon's Complaint, Paradigm is without sufficient knowledge or information of the truth of the allegation and therefore denies the allegation.

10.     Answering Paragraph 10 of Amazon's Complaint, Paradigm admits the allegations contained therein.

11.     Answering Paragraph 10 of Amazon's Complaint, Paradigm denies that Defendant Dandillaya is the current CEO of the company, but admits the remaining allegations contained therein

12.     Answering Paragraph 10 of Amazon's Complaint, Paradigm admits the allegations contained therein.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm is not challenging the jurisdiction of this Court.

14.     The allegations in Paragraph 13 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm is without sufficient knowledge or information of the truth of the allegation of personal jurisdiction and therefore denies the allegation. Paradigm admits that it did business

PARADIGM CLINICAL RESEARCH INSTITUTES' ANSWER AND COUNTERCLAIMS          3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

with Amazon. Paradigm denies that it sold nonconforming products to Amazon. Paradigm denies that it committed or facilitated tortious acts. Paradigm denies the remaining allegations.

15.     The allegations in Paragraph 15 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm is not challenging the jurisdiction of this Court.

**FACTUAL BACKGROUND**

A.     **Paradigm Claims it Can Satisfy Amazon's Need for Disposable Nitrile Gloves to Protect Essential Workers During the Early Days of the COVID-19 Pandemic.**

16.     Answering Paragraph 16 of Amazon's Complaint, Paradigm admits that PPE was in great demand after the COVID-19 pandemic began. Paradigm is without sufficient knowledge or information of the truth of the remaining allegations and therefore denies the allegations.

17.     Answering Paragraph 17 of Amazon's Complaint, Paradigm admits that it was introduced to a Seattle-based member of Amazon's Procurement & Sourcing team on April 15, 2020 and that there was an introduction to de Borbon. Paradigm is without sufficient knowledge or information of the truth of the remaining allegations and therefore denies the allegation.

18.     Answering Paragraph 18 of Amazon's Complaint, Paradigm admits that Amazon explained that it needed a significant amount of gloves for its employees as soon as possible. Paradigm denies that Amazon required FDA-approved gloves.

19.     Answering Paragraph 19 of Amazon's Complaint, Paradigm admits that it had connections with established medical glove manufacturers and brands. Paradigm is without sufficient knowledge or information as to whether Paradigm has more connection that most other vendors.

20.     Answering Paragraph 20 of Amazon's Complaint, Paradigm admits that de Borbon and Amazon negotiated the terms of a prospective sale of nitrile gloves by Paradigm to Amazon. Paradigm denies that de Borbon insisted on the payment terms. Paradigm admits that

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

the term of the contract was for Amazon to pay a deposit of 50% of the total purchase price for the gloves upfront, with the remaining 50% payment to be provided upon delivery of the gloves.

21.     Answering Paragraph 21 of Amazon's Complaint, Paradigm is without sufficient knowledge or information of the truth of the allegations contained therein and therefore denies the allegation.

22.     Answering Paragraph 22 of Amazon's Complaint, Paradigm is without sufficient knowledge or information of the truth of the allegations contained therein and therefore denies the allegation.

23.     Answering Paragraph 23 of Amazon's Complaint, Paradigm is without sufficient knowledge or information of the truth of the allegations contained therein and therefore denies the allegation with respect to Amazon's approval process, but admits that Amazon approved the gloves.

24.     Answering Paragraph 24 of Amazon's Complaint, Paradigm lacks sufficient knowledge or information to admit or deny the allegations of what, if anything, Amazon relied on and therefore denies the allegations.  To the degree that Amazon is contending that the gloves did not undergo its SDS process, that allegation is denied.

**B.      In Reliance Upon Paradigm's Promises, Amazon Issues Two Purchase Orders to Paradigm for the Sale of 80 Million Pairs of FDA-approved Nitrile Gloves for $20 Million.**

25.     Answering Paragraph 25 of Amazon's Complaint, Paradigm admits the allegations contained therein.

26.     Answering Paragraph 26 of Amazon's Complaint, Paradigm admits that Amazon issued Purchase Order 2D-03382282 ("PO-82") to Paradigm for 20 million pairs of disposable blue nitrile gloves in exchange for $5,000,000. Paradigm is without sufficient information or knowledge of the truth of the allegations as to Amazon's purchase order policy and therefore denies the allegations. Paradigm admits that Amazon prepaid Paradigm 50% of the purchase

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

price for the gloves (i.e., $2.5 million) as a deposit on or about May 8, 2020. Paradigm, however, denies the payment terms were insisted upon by de Borbon.

27.     Answering Paragraph 27 of Amazon's Complaint, Paradigm admits that Amazon issued Purchase Order 2D-03387284 ("PO-84") to Paradigm for 60 million pairs of disposable blue nitrile gloves in exchange for $15,000,000 on April 27, 2020. Paradigm is without sufficient information or knowledge of the truth of the allegations as to Amazon's purchase order policy and therefore denies the allegations. Paradigm admits that Amazon prepaid Paradigm 50% of the purchase price for the gloves (i.e., $7.5 million) prior to delivery of any of the gloves on or about April 30, 2020. Paradigm denies that the payment terms were insisted upon by de Borbon.

**C.     Defendants Submit Fraudulent Safety Data Sheets Regarding the Gloves to Amazon.**

28.     Answering Paragraph 28 of Amazon's Complaint, Paradigm admits that it represented that it was still working to locate a manufacturer that had sufficient inventory of conforming gloves to fulfill the Purchase Orders. Paradigm is without sufficient information or knowledge of the truth of the allegations as to communications about incorporating the manufacturer into the term of the Purchase Orders.

29.     Answering Paragraph 29 of Amazon's Complaint, Paradigm admits that the gloves would consist of gloves manufactured by W.A. Rubbermate Co., Ltd and sold under the brand "Skymed." Paradigm admits that Amazon selected and approved the gloves.

30.     Answering Paragraph 30 of Amazon's Complaint, Paradigm admits that the screenshot was provided to Amazon.

31.     Answering Paragraph 31 of Amazon's Complaint, Paradigm is without sufficient information or knowledge of the truth of the allegations as to what Amazon requested. Paradigm admits that the "WA Document" included a letter from the FDA to Rubbermate approving Rubbermate's section 510(k) premarket notification of intent to market the nitrile powder-free gloves.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

32.     Answering Paragraph 32 of Amazon's Complaint, Paradigm lacks sufficient knowledge or information to admit or deny the allegation of what, if anything, Amazon relied on and therefore denies the allegation. Paradigm admits that Amazon approved the SDS and PO-82 was finalized. Paradigm denies that the Purchase Order identified an express term for a specific manufacturer.

33.     Answering Paragraph 33 of Amazon's Complaint, Paradigm admits that it proposed gloves manufactured by VRG Khai Hoan ("VRG"), branded as "V Gloves" for the gloves covered by PO-84. Paradigm is without sufficient information or knowledge of the truth of the allegations as to what de Borbon told Amazon about VRG. Paradigm admits that de Borbon provided photographs of the V Glove-branded gloves manufactured by VRG along with an FDA registration number and a 510(k) premarket approval number. Paradigm admits that on May 27, 2020, de Borbon sent photographs of the product packaging, depicting VRG as the manufacturer and V Gloves as the brand of the gloves that would be sent to Amazon. Paradigm denies the remaining allegations.

34.     Answering Paragraph 34 of Amazon's Complaint, Paradigm lacks sufficient knowledge or information to admit or deny the allegation of what, if anything, Amazon relied on and therefore denies the allegation. Paradigm admits that Amazon approved the SDS and PO-84 was finalized. Paradigm denies that the Purchase Order identified an express term for a specific manufacturer.

**D.     Paradigm Continuously and Repeatedly Misrepresents the Gloves to Amazon**

35.     Answering Paragraph 35 of Amazon's Complaint, Paradigm denies that it made "further misrepresentations to Amazon." Paradigm is without sufficient information or knowledge as to de Borbon's exact response to Amazon. Paradigm admits that the photo was sent to Amazon. Paradigm denies that the photo clearly indicated Rubbermate as the manufacturer of the gloves and 510(k) approval by the FDA.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                 7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

36.     Answering Paragraph 36 of Amazon's Complaint, Paragraph 36 does not contain averments to which responses are required.  To the degree that responses are required, Paradigm lacks sufficient information to admit or deny the allegations therefore denies the allegations contained therein.

37.     Answering Paragraph 37 of Amazon's Complaint, Paradigm is without sufficient information or knowledge of the truth of the allegations as to what the video depicted and therefore denies the allegations.

38.     Answering Paragraph 38 of Amazon's Complaint, Paradigm admits to sending a third-party laboratory two packages consisting of 100 nitrile gloves on July 6, 2020. Paradigm admits that it filled out the sample form spreadsheet entitled "Amazon QA Requisition Form." Paradigm denies that the form represented that the gloves were made in Rubbermate's factory. Paradigm admits that it provided Amazon with an invoice, date June 10, 2020, for the sale of 40 million gloves. Paradigm does not have sufficient information or knowledge as to whether the gloves were FDA-approved and therefore denies the allegation.

39.     Answering Paragraph 39 of Amazon's Complaint, Paradigm denies that it became less responsive and was evasive. Paradigm is without sufficient information or knowledge as to what, if any, requests Amazon made and therefore denies the allegation. Paradigm is without sufficient information or knowledge as to what de Borbon communicated on August 12, 2020 and therefore denies the allegation.

**E.     Paradigm Delivers Approximately 1.5 Million Gloves Manufacture by Sufficiency Economy City Ltd – not Rubbermate – in Violation of PO-82.**

40.     Answering Paragraph 40 of Amazon's Complaint, Paradigm admits that Amazon received from Paradigm approximately 1.25 million pairs of nitrile gloves on or about June 24, 2020. Paradigm denies that it falsely represented the manufacturer of the gloves.

41.     Answering Paragraph 41 of Amazon's Complaint, Paradigm admits the allegations contained therein.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

42.     Answering Paragraph 42 of Amazon's Complaint, Paradigm admits the allegations contained therein.

**F.      Amazon Discovery Paradigm's Fraud**

43.     Answering Paragraph 43 of Amazon's Complaint, Paradigm is without sufficient information or knowledge as to the allegations contained therein and therefore denies the allegations.

44.     Answering Paragraph 44 of Amazon's Complaint, Paradigm is without sufficient information or knowledge as to the allegations contained therein and therefore denies the allegations.

45.     Answering Paragraph 45 of Amazon's Complaint, Paradigm is without sufficient information or knowledge as to the allegations contained therein and therefore denies the allegations.

46.     Answering Paragraph 46 of Amazon's Complaint, Paradigm is without sufficient information or knowledge as to the allegations contained therein and therefore denies the allegations.

47.     Answering Paragraph 47 of Amazon's Complaint, Paradigm is without sufficient information or knowledge as to the allegations contained therein and therefore denies the allegations.

48.     Answering Paragraph 48 of Amazon's Complaint, Paradigm admits that it was advised that Rubbermate was manufacturing gloves for Skymed, but Paradigm never had any direct interactions with the manufacturers.  Paradigm denies the remaining allegations contained therein.

49.     Answering Paragraph 49 of Amazon's Complaint, Paradigm denies that there was any fraud. Paradigm admits that Amazon sent a demand letter on September 22, 2020. Paradigm admits the demand letter stated Amazon's intention to cancel the entirety of PO-84. Paradigm

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

denies that the purchase order allows the cancellation of any order prior to shipment without charge.

50.     Answering Paragraph 50 of Amazon's Complaint, Paradigm admits that the demand letter also required Paradigm to retake possession of the 1.5 million gloves Paradigm had delivered under PO-82, and immediately refund all amounts Amazon had already paid. Paradigm denies the remaining allegations contained therein.

51.     Answering Paragraph 51 of Amazon's Complaint, Paradigm denies the allegations contained therein and therefore denies the allegations.

## COUNT ONE

## Breach of Purchase Order 2D-03383383 (as to Paradigm)

52.     Paradigm incorporates by reference its prior responses to Amazon's allegations, as though fully set forth herein.

53.     Answering Paragraph 53 of Amazon's Complaint, Paradigm admits the allegations contained therein.

54.     Answering Paragraph 54 of Amazon's Complaint, Paradigm admits that the parties agreed to the terms of PO-82. Paradigm denies that the terms "incorporate[d], without limitation, attachments and exhibits, specifications, drawings, notes, instructions and other information, whether physically attached or incorporated by reference." Paradigm denies that such materials includes any of the following things:

- Paradigm denies that this was incorporated as part of the terms of PO-82.
- Paradigm denies that this was incorporated as part of the terms of PO-82.
- Paradigm denies that this was incorporated as part of the terms of PO-82.
- Paradigm denies that this was incorporated as part of the terms of PO-82.

55.     Answering Paragraph 55 of Amazon's Complaint, Paradigm denies making any false representations.  Paradigm lacks sufficient information to admit or deny what Amazon's

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    10

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

1   purchase was premised on and therefore denies the same.  Paradigm denies the allegations
2   contained therein.

3         56.     Answering Paragraph 56 of Amazon's Complaint, Paradigm admits the
4   allegations contained therein.

5         57.     Answering Paragraph 57 of Amazon's Complaint, Paradigm admits the
6   allegations contained therein.

7         58.     The allegations in Paragraph 58 of Amazon's Complaint contain legal conclusions
8   to which no response is required. To the extent the allegations are construed to require a
9   response, Paradigm denies the allegations contained therein.

10         59.     The allegations in Paragraph 59 of Amazon's Complaint contain legal conclusions
11   to which no response is required. To the extent the allegations are construed to require a
12   response, Paradigm denies the allegations contained therein.

13         60.     The allegations in Paragraph 60 of Amazon's Complaint contain legal conclusions
14   to which no response is required. To the extent the allegations are construed to require a
15   response, Paradigm denies the allegations contained therein.

16   **COUNT TWO**

17   **Breach of Purchase Order 2D-03387284 (as to Paradigm)**

18         61.     Paradigm incorporates by reference its prior responses to Amazon's allegations,
19   as though fully set forth herein.

20         62.     Answering Paragraph 62 of Amazon's Complaint, Paradigm admits the
21   allegations contained therein.

22         63.     Answering Paragraph 63 of Amazon's Complaint, Paradigm admits that the
23   parties agreed to the terms of PO-84. Paradigm denies that the terms "incorporate[d], without
24   limitation, attachments and exhibits, specifications, drawings, notes, instructions and other
25   information, whether physically attached or incorporated by reference." Paradigm denies that
26   such materials include any of the following things:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

- Paradigm denies that this was incorporated as part of the terms of PO-84.

- Paradigm denies that this was incorporated as part of the terms of PO- 84.

- Paradigm denies that this was incorporated as part of the terms of PO- 84.

- Paradigm denies that this was incorporated as part of the terms of PO- 84.

64.     Answering Paragraph 64 of Amazon's Complaint, Paradigm admits the allegation contained therein.

65.     The allegations in Paragraph 65 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

66.     The allegations in Paragraph 66 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

67.     The allegations in Paragraph 67 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein..

## COUNT THREE

### Violation of the Washington Consumer Protection Action, RCW § 19.86, et seq.

### (as to all Defendants)

68.     Paradigm incorporates by reference its prior responses to Amazon's allegations, as though fully set forth herein.

69.     Answering Paragraph 69 of Amazon's Complaint, Paradigm denies the allegations contained therein.

70.     Answering Paragraph 70 of Amazon's Complaint, Paradigm denies the allegations contained therein.

71.     Answering Paragraph 71 of Amazon's Complaint, Paradigm denies the allegations contained therein.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

1

- Paradigm denies this allegation.

2

- Paradigm denies this allegation.

3

- Paradigm denies this allegation of misrepresentations to Amazon.

4

- Paradigm denies this allegation.

5        72.    Answering Paragraph 72 of Amazon's Complaint, Paradigm denies the

6   allegations contained therein.

7

- Paradigm denies this allegation.

8

- Paradigm denies this allegation..

9

- (a) Paradigm denies this allegation.

10       73.    Answering Paragraph 73 of Amazon's Complaint, Paradigm denies the

11  allegations contained therein.

12

- Paradigm denies this allegation.

13

- Paradigm denies this allegation.

14

- Paradigm denies this allegation.

15       74.    Answering Paragraph 74 of Amazon's Complaint, Paradigm denies the

16  allegations contained therein.

17

- Paradigm denies this allegation.

18

- Paradigm denies this allegation.

19

- Paradigm denies this allegation.

20       75.    The allegations in Paragraph 75 of Amazon's Complaint contain legal conclusions

21  to which no response is required. To the extent the allegations are construed to require a

22  response, Paradigm denies the allegations contained therein.

23       76.    The allegations in Paragraph 76 of Amazon's Complaint contain legal conclusions

24  to which no response is required. To the extent the allegations are construed to require a

25  response, Paradigm denies the allegations contained therein.

26

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado 80202
303.223.1100

**COUNT FOUR**

**Fraud in the Inducement (as to all Defendants)**

77.　Paradigm incorporates by reference its prior responses to Amazon's allegations, as though fully set forth herein.

78.　Answering Paragraph 78 of Amazon's Complaint, Paradigm denies the allegations contained therein.

- Paradigm denies this allegation.
- Paradigm denies this allegation.
- Paradigm denies these allegations.
- Paradigm denies these allegations.
- Paradigm denies this allegation.
- Paradigm denies all of these allegations.
- Paradigm denies this allegation and denies that it filled out a form.
- Paradigm denies this allegation.
- Paradigm denies this allegation, but admits that it sent the documentation that it had been provided.

79.　Answering Paragraph 79 of Amazon's Complaint, Paradigm denies the allegations contained therein.

80.　The allegations in Paragraph 80 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

81.　Answering Paragraph 81 of Amazon's Complaint, Paradigm denies the allegations contained therein.

82.　Answering Paragraph 82 of Amazon's Complaint, Paradigm denies the allegations contained therein, but admits that it provided the documents that it had been provided.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS　　　14

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

83.     Answering Paragraph 83 of Amazon's Complaint, Paradigm denies the allegations contained therein, but admits that it provided the documents that it had been provided. .

84.     The allegations in Paragraph 84 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

85.     The allegations in Paragraph 85 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

86.     The allegations in Paragraph 86 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

87.     The allegations in Paragraph 87 of Amazon's Complaint contain legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Paradigm denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Amazon's claims fail because at all times relevant to the matters alleged in the Complaint, Paradigm acted in good faith and in a reasonable manner.

3.     Amazon's claims for damages, if any, must be reduced to the extent Amazon failed to mitigate its damages.

4.     Amazon's claims for damages, if any, are the result of its own actions, inactions, or the actions of third parties beyond Paradigm's control.

5.     Amazon's damages and losses, if any, are the proximate result of intervening events.

6.     Amazon's claims are barred by the doctrines of estoppel, laches, or unclean

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                    15

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

hands.

7.      Amazon failed to properly reject the good at issue.

8.      Paradigm asserts that it substantially complied with the contracts.

9.      Paradigm is informed and believes that Amazon prevented Paradigm from performing.

10.      To the degree that Amazon is entitled to any damages, which is denied, Paradigm is entitled to offset.

11.      Amazon has committed wrongdoing and this lawsuit is attempting to benefit from this wrongdoing.

12.      Amazon failed to follow the procedures required by the Uniform Commercial Code.

Paradigm reserves the right to amend or supplement these affirmative and other defenses as further information becomes available through the course of discovery.

## COUNTERCLAIMS

Paradigm Clinical Research Institute, Inc. ("Paradigm") brings this counterclaim against Defendant Amazon.com Services LLC ("Amazon") for damages and other appropriate relief. Paradigm states and alleges as follows:

## INTRODUCTION

1.      Amazon found itself in the start of the COVID-19 pandemic ill prepared and in need of supplies. Amazon entered into contracts with various corporations, including Paradigm, for the basic supplies it needed for its day-to-day operations, like gloves. However, Amazon was not prepared for what happened when companies, like Paradigm, were actually able to complete the orders. After weeks of giving different shipping directions, Amazon cancelled half of its $20 million order and is attempting to get back the half that it prepaid for. Paradigm will not be another victim to Amazon's bullying ways.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                 16

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

2.      This is a breach of contract case. Through two purchase orders Amazon agreed to buy gloves from Paradigm and to pay $20 million for those gloves. In reliance on those contracts, Paradigm used its relationships, contacted multiple manufacturers and distributors, proposed products to Amazon, and ultimately acquired the gloves for Amazon pursuant to the terms of the purchase orders. Thereafter, Amazon made the unilateral choice to terminate the contract and not to pay the remaining $10 million that it committed to pay.

3.      In addition, Amazon improperly terminated its second contract for gloves with Paradigm. Paradigm seeks to recover the damages caused by Amazon's wrongful termination.

**PARTIES**

4.      Paradigm is a corporation organized and existing under the law of the State of California, having its principal place of business at 23150 Crenshaw Blvd., Torrance, California 90505.

5.      Amazon is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

**GENERAL ALLEGATIONS**

6.      Paradigm is a California based clinical research consortium dedicated to the conduct of ethical clinical trials. As such, the company, which was founded in 2014, has relationships with suppliers of various medical supplies, including gloves.

7.      When the global pandemic hit, Amazon needed gloves. Amazon cast its wide net to see who could fulfill its needs. Paradigm was identified as a company that might be able to fulfill the needs and the two companies began negotiating. Essentially, Paradigm would use its network and would buy gloves to complete the order and sell the gloves to Amazon.

8.      In April 2020, Amazon contracted with Paradigm to purchase 80 million nitrile gloves for a total of $20 million. The parties executed two Purchase Orders, PO-82 and PO-84, dated April 24, 2020 and April 27, 2020, respectively.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

9.     It was important to both parties that there was an agreement on the quality of the gloves being purchased. As a result, Amazon tested the gloves and agreed that they met their quality standards. At the time that the Purchase Orders were entered into, the parties were still going through the testing process.

10.    In May 2020, the parties agreed that Paradigm would provide Skymed-branded gloves to fulfill PO-82 and V Glove branded gloves manufactured by VRG Khai Hoan to fulfill PO-84.

11.    After Paradigm fulfilled PO-82, Amazon cancelled PO-84, leaving Paradigm committed to having bought millions of gloves.

**COUNT ONE / FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT OF PURCHASE ORDER 2D-03382282**

12.    Paradigm repeats and realleges the allegations set forth above as if fully set forth herein.

13.    On April 24, 2020, Amazon issued Purchase Order 2D-03382282 ("PO-82") to Paradigm for 20 million pairs of disposable, blue nitrile gloves in various sizes in exchange for $5,000,000.

14.    Amazon timely prepaid $2,500,000 for the gloves under PO-82.

15.    Amazon also paid Paradigm an additional $156,250 upon delivery of 1.25 million pairs of gloves.

16.    The 1.5 million gloves that Paradigm delivered to Amazon complied with the purchase order.

17.    Moreover, the gloves delivered to Amazon also met the Implied Warranty of Merchantability in Wash. Rev. Code § 62A.2-314.

18.    Amazon improperly rejected the gloves.

19.    Amazon is improperly making a claim for damages and has refused to pay the amounts owed in connection with PO-82.

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                18

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

20.     Paradigm incurred damages from Amazon's breach of PO-82 including, but not limited to, $2,343,750, the remainder of the amount owed by Amazon, and the loss of the gloves delivered to Amazon.

## COUNT TWO / SECOND CAUSE OF ACTION

## BREACH OF CONTRACT OF PURCHASE ORDER 2D-03382282

21.     Paradigm repeats and realleges the allegations set forth above as if fully set forth herein.

22.     On April 27, 2020, Amazon issued Purchase Order 2D-03387284 ("PO-84") for 60 million pairs of non-powder, blue, 3 mil, nitrile gloves (12 million medium, 30 million large, 18 million xlarge) for $15,000,000.

23.     Amazon timely prepaid $7,500,000 for the gloves under PO-84.

24.     Amazon wrongfully cancelled delivery of the gloves.

25.     Amazon is improperly making a claim for damages and has refused to pay the amounts owed in connection with PO-84.

26.     Paradigm incurred damages from Amazon's breach of PO-84 including, but not limited to, $7,500,000, the remainder of the amount owed by Amazon.

## COUNT THREE / THIRD CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

27.     Paradigm repeats and realleges the allegations set forth above as if fully set forth herein.

28.     In every contract, including the purchase orders above, there is an implied covenant of good faith and fair dealing, which requires a party to perform its obligations fully and in good faith and in effort to prevent the other party from being deprived of receiving the contract benefits.

29.     As alleged above, the wrongful conduct committed by Amazon breached the implied covenant of good faith and fair dealing.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

30.     As a direct and proximate result of the Amazon's conduct, Paradigm has suffered substantial financial and other recoverable damages in amount in excess of $10 million, but in an exact amount to be determined upon proof at trial.

### COUNT FOUR / FOURTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

31.     Paradigm repeats and realleges the allegations set forth above as if fully set forth herein.

32.     Paradigm is informed and believes that Amazon did not have relationships with distributors or glove manufacturers, which is why it came to Paradigm in the first place. Paradigm is informed and believes that it learned the identities and qualities of various distributors and glove manufacturers through Paradigm.

33.     After Amazon learned of the identities, Amazon intentionally reached directly out to these companies with the intention of negotiating directly with these companies so that it would not have to do business through Paradigm.

34.     Paradigm is informed and believes that after Amazon was in direct contact with the manufacturers and distributors, they terminated the second purchase order with Paradigm and bought directly from the distributors and manufacturers.

35.     Paradigm is informed and believes that Amazon's actions have damaged Paradigm's reputation with the manufacturers and distributors such that they are not willing to do business with Paradigm.

36.     As a result, Paradigm has incurred damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Paradigm prays for judgment against Amazon, as follows:

1.     Actual damages;

2.     All other damages allowed by law;

3.     Pre-judgment and post-judgment interest as allowed by law;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100

1

4.      Costs of litigation incurred herein; and

2

5.      Any such other and further relief as the Court deems just and equitable.

3

6.      Paradigm specifically reserves the right to pursue additional causes of action,

4

claims, and/or forms of relief other than those specifically outlined above, that are supported by

5

the facts pleaded herein or that may be supported by other facts that emerge during discovery.

6

7

Dated:  August 6, 2021

8

9

By: *Christopher O. Murray*
Christopher O. Murray

10

Christopher O. Murray

11

Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200

12

Denver, CO 80202
Telephone: 303-223-1100

13

Fax: 303-223-1111
Email: cmurray@bhfs.com

14

Attorneys for Defendant

15

PARADIGM CLINICAL RESEARCH
INSTITUTE, INC.

16

17

22962500

18

19

20

21

22

23

24

25

26

PARADIGM CLINICAL RESEARCH INSTITUTES'
ANSWER AND COUNTERCLAIMS                21

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
410 Seventeenth Street
Suite 2200
Denver, Colorado  80202
303.223.1100