UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC, | CASE NO. 2:21-cv-00753 |
| Plaintiff, | ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT |
| v. | |
| PARADIGM CLINICAL RESEARCH INSTITUTE INC, RAMPRASAD DANDILLAYA, JUAN JESUS ROJAS DE BORBON, KARMA FAMILY LLC, KAREEM MARMOSH , | |
| Defendants. | |

## 1.  INTRODUCTION

Plaintiff Amazon.com Services LLC amended its complaint to name Karma Family LLC and Dr. Kareem Marmosh ("Karma Defendants") as defendants. Dkt. No. 66. The Karma Defendants failed to appear, answer, or otherwise defend against the lawsuit, so Amazon moved for, and the Court entered, an order of default. Dkt. Nos. 81, 83. The Karma Defendants now move to set aside the default, arguing good cause exists to do so. Dkt. No. 85.

ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT - 1

Having reviewed the Parties' briefing, the relevant record, and governing law, the Court finds oral argument unnecessary. For the reasons explained below, the Court GRANTS the Karma Defendants' motion to set aside the default (Dkt. No. 85) and VACATES the entry of default against them (Dkt. No. 83).

## 2. BACKGROUND

Amazon filed this case in June 2021. Dkt. No. 1. In May 2023, Amazon filed its Second Amended Complaint (SAC) naming the Karma Defendants as defendants. Dkt. No. 66. According to its affidavits of service, Amazon served the Karma Defendants with the summons and complaint by personal service on May 3, 2023. Dkt. Nos. 68, 69. The Karma Defendants did not answer or otherwise respond to the SAC. *See* Dkt. generally. On June 21, 2023, Amazon moved for an entry of default. Dkt. No. 81. The Clerk of the Court then entered default against the Karma Defendants on July 3, 2023. Dkt. No. 83.

On November 16, 2023, the Karma Defendants filed this motion to set aside the entry of default. Dkt. No. 85. Marmosh denies ever receiving service of the Second Amended Complaint. Dkt. No. 85-1 at 2. He claims he was unaware that he was named as a party in this lawsuit until July 2023 when his co-defendant alerted him that the Court had entered default against him and Karma Family. Dkt. No. 85-1 at 2. Marmosh speculates that service may have been attempted on his "live-in demential father." Dkt. No. 85 at 3.

In August 2023, the Karma Defendants contacted Amazon seeking an agreement to set aside the defaults. Dkt. No. 85-2 at 2–4. Amazon denied their

ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT - 2

request. *Id.* at 3. On November 16, 2023, the Karma Defendants moved to set aside the default. Dkt. No. 85.

## 3. DISCUSSION

**3.1  Legal standard.**

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To find "good cause," the Court "must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)).

Except in "extreme circumstances," a case should be decided on the merits rather than by default. *Mesle*, 615 F.3d at 1089 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

**3.2  Culpability of the Karma Defendants' conduct.**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citation omitted) (emphasis in original). "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious

ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT - 3

choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (citation omitted). To deem a defendant's conduct culpable, there cannot be an "explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

Marmosh has offered a plausible explanation for his default, consistent with good faith conduct. He contends that he was unaware of the lawsuit until July 4, 2023. Dkt. No. 85-1 at 2. He denies ever receiving initial service on May 3, 2023. *Id.* He posits that his elderly father, who has dementia symptoms, may have accepted service on his behalf without telling him. *Id.* After Marmosh learned of the lawsuit, he contacted Jonathan Freund, who was already an attorney in this lawsuit, to help him respond. Dkt. No. 85-1 at 3. On August 22, 2023, Freund contacted Amazon's counsel to ask them to stipulate to set aside the default entered against the Karma Defendants. Dkt. No. 85-2 at 2. On August 24, 2023, Amazon's counsel responded that they would not "set aside the default." *Id.* at 3. The Karma Defendants moved to set aside the default on November 16, 2023. Dkt. No. 85.

Amazon questions the validity of Marmosh's claims. Amazon includes a declaration from Gonzalo Ponce, their process server, indicating that he served a "[g]entleman around 40 years of age" who said he was "Kareem Marmosh." Dkt. No. 89. Even if Marmosh had been personally served and knew of the lawsuit, Amazon has not alleged facts showing that the Karma Defendants acted intentionally or in

bad faith to take advantage of Amazon or to manipulate the legal process. *Mesle*, 615 F.3d at 1092.

### 3.3 The Karma Defendants have a potentially meritorious defense.

A party seeking to set aside the entry of default must also allege facts that, if true, would constitute a defense. *See id.* at 1094. This is not an "extraordinarily heavy" burden. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001).

The Court finds that the Karma Defendants have met this burden. The Karma Defendants assert that the Court lacks personal jurisdiction over them. They assert these facts in support of their defense: that they were not a party to the underlying contract, were not alter egos of Paradigm or the other co-defendants, had no or minimal contacts with Amazon and the state of Washington—such that the exercise of personal jurisdiction over them would be unreasonable. They argue that they did not "purposefully avail" themselves of doing business in Washington nor did they "expressly aim" their acts at Washington. They also argue that they are not an "alter ego" for Paradigm. Lack of personal jurisdiction is a meritorious defense. *See Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc.*, 275 F.R.D. 20, 29 (D.D.C. 2011) (finding lack of personal jurisdiction was a meritorious defense to vacate entry of default).

Amazon contests the Karma Defendants' version of events, particularly their claim that Marmosh and Amazon did not have any direct communication. But "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege

ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT - 5

sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094. "'The question [of] whether the factual allegations [are] true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Id*. (citing *TCI Grp. Life Ins. Plan*, 244 F.3d at 700). *See also Russell v. Samec*, No. 220-CV-00263-RSM-JRC, 2020 WL 3444407, at *3 (W.D. Wash. June 3, 2020)*, report and recommendation adopted,* No. 220-CV-00263-RSM-JRC, 2020 WL 3441033 (W.D. Wash. June 23, 2020) (looking to the merits of the motion to dismiss is "an inappropriate inquiry when determining whether to grant the motion to vacate the entry of default").

Thus, the Karma Defendants have shown a potentially meritorious defense.

### 3.4     Prejudice.

To constitute sufficient prejudice, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group Life Ins. Plan*, 244 F.3d at 701 (internal citation omitted).

In its opposition, Amazon only argues that litigating the Karma Defendant's defense would result in prejudice against Amazon. But "[b]eing forced to litigate on the merits cannot be considered prejudicial because a plaintiff would have had to do so anyway had there been no default." *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015).

The Court concludes that setting aside the entry of default will not prejudice Amazon.

ORDER GRANTING KARMA DEFENDANTS' MOTION TO SET ASIDE DEFAULT - 6

### 4. CONCLUSION

The Court is guided by its preference for "deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091. The Court finds that all the *Mesle* factors support vacating the entry of default. Accordingly, the Court GRANTS the Karma Defendants' motion (Dkt. No. 85) and vacates the entry of default (Dkt. No. 83).

Dated this 29th day of March, 2024.

Jamal N. Whitehead
United States District Judge