UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>PARADIGM CLINICAL RESEARCH INSTITUTE INC., a California corporation, RAMPRASAD DANDILLAYA, M.D., JUAN JESUS ROJAS DE BORBON, KARMA FAMILY LLC, KAREEM MARMOSH,<br><br>          Defendants. | CASE NO. 2:21-cv-00753<br><br>ORDER |
| PARADIGM CLINICAL RESEARCH INSTITUTE INC., a California corporation,<br><br>          Counter Claimant,<br><br>     v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>          Counter Defendant. | |

ORDER - 1

# 1. INTRODUCTION

This matter comes before the Court on Plaintiff Amazon.com Services LLC's motion to compel discovery responses from Defendants Ramprasad Dandillaya and Paradigm Clinical Research Institute (together, "Paradigm Defendants"). Dkt. No. 121. Having considered the papers submitted in support of and opposition to the motion, the record, and the relevant law, the Court GRANTS the motion in part, finding that Paradigm Defendants (1) have waived most objections, (2) must provide complete responses to the specified interrogatories, and (3) must pay reasonable attorney's fees of $11,600.

# 2. BACKGROUND

This is a breach of contract and fraud case arising from transactions during the COVID-19 pandemic in 2020. Amazon alleges that Defendants "falsely claimed to Amazon that they could supply Amazon's essential workers and customers with disposable medical gloves approved by the U.S. Food and Drug Administration ('FDA') and manufactured by a reputable company," Rubbermate. Dkt. No. 66 (Amended Complaint) at 2. Amazon asserts that "due to the urgency of the situation, and at Defendants' insistence, [it] paid Paradigm a $10 million deposit for the gloves (50% of the total purchase price)." *Id*. at 3. But Amazon claims that the gloves that were ultimately delivered were not what Paradigm Defendants purported them to be—they were not FDA-approved, nor were they manufactured by the stated manufacturer. *Id*. Amazon cancelled the orders and attempted to

return the gloves that it had already received, but Defendants refused to refund Amazon's deposit. *Id.*

Amazon alleges it has been unable to recover its money, in part, because Paradigm transferred $8,000,000 of its deposit to the "Karma Defendants," leaving Paradigm with virtually no capital. Dkt. No. 121 at 3 (motion) (citing Dkt. No. 66 at 30). Amazon now asserts claims for breach of contract, fraud, civil conspiracy, and for violating the Washington Consumer Protection Act (CPA) and Washington Uniform Voidable Transaction Act (WUVTA). *See* Dkt. No. 66 at 32–48.

Amazon served its first set of interrogatories on March 29, 2024. After multiple extensions, Paradigm Defendants responded on June 14, 2024, but Amazon claims these responses were inadequate. Dkt. No. 123 ¶¶ 2–3; *see also* Dkt. No. 123-1 (Ex. 1).

On June 20, 2024, Amazon served its second set of interrogatories. Paradigm Defendants missed their response deadline and requested an extension after the fact. Dkt. No. 122-8 at 8. Amazon told Defendants that it still had not received documents responsive to its requests for production, nor had it received amended responses to its first set of interrogatories. *See id.* at 7. When Defendants did not respond, Amazon reached out again, requesting a status update on Defendants' forthcoming document production, supplemental responses to the first set of interrogatories, and the late responses to the second set of interrogatories. *See id.* at 6.

Following a conference on August 8, 2024, Paradigm Defendants promised to provide supplemental answers to Amazon's first set of interrogatories and second

ORDER - 3

set of discovery by August 30, 2024. *See id*. at 2–5. Paradigm Defendants failed to meet this self-imposed deadline, eventually providing supplemental response on September 17, 2024. After reviewing the discovery, Amazon still believed that Paradigm Defendants' responses were deficient. On November 8, 2024, Amazon sent Paradigm Defendants a discovery letter, and two weeks later, the Parties met and conferred. Dkt. No. 123 ¶¶ 3–4. The Parties continued to discuss the alleged discovery deficiencies, and Paradigm Defendants promised to provide supplemental responses by December 27, 2024, but failed to do so. *Id*. ¶¶ 4–7. This motion followed.

Notably, the motion itself is vague. Rather than explain how each of the challenged interrogatory responses is deficient, Amazon buried that important information in its accompanying attorney declarations, which it repeatedly cross-referenced. *See* Dkt. Nos. 121 at 9 ("As explained in more detail in the Tangman Declaration, other written responses that are similarly deficient because they are facially incomplete are: Dr. Dandillaya's response to Amazon's Rog 4, Rog 6, Rog 9, Rog 10, and Paradigm's response to Amazon's Rog 2, Rog 3, Rog 4, Rog 5, Rog 9, Rog 10, Rog 11, Rog 12, Rog 14, and Rog 16."); 123 at 4–7 (Tangman Decl., "Discovery Deficiencies"). The factual basis for challenging each interrogatory response was not clear to the Court from the motion itself. *See id*. This approach unnecessarily burdened the Court with the task of piecing together Amazon's arguments across multiple filings, wasting judicial resources.

ORDER - 4

# 3. DISCUSSION

**3.1  Legal standard.**

Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When a party fails to adequately respond to discovery requests, Rule 37(a) permits the requesting/opposing party to move to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(C).

The party seeking to compel discovery has the burden of establishing the relevance of the requested information. *Bryant v. Ochoa*, Case No. 07-cv-200, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Once relevance is established, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id.* (citations omitted).

Rule 33 governs interrogatories. It affords the responding party 30 days to answer interrogatories unless the court orders otherwise or the Parties stipulate to a different timeframe. Fed. R. Civ. P. 33(b)(2). The rule also permits a responding party to answer by producing business records "if the answer to [that] interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing [those] business records, and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). If the responding party goes this route, it must specify the responsive records "in

ORDER - 5

sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). A vague reference to an undifferentiated mass of documents does not satisfy this requirement. *See Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).

A responding party who objects to an interrogatory must do so "with specificity" and in a timely manner, as "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1483 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981)) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

### 3.2    Amazon met its conferral obligations, and Paradigm Defendants have waived most objections.

Amazon adequately met and conferred in good faith to resolve this discovery dispute without court intervention. *See* LCR 37(a)(1). The extensive correspondence and multiple conferences show Amazon's diligent efforts to obtain the requested discovery without motions practice.

The Court also concludes that, except for attorney-client privilege, Paradigm Defendants have waived all objections to Amazon's second set of interrogatories by failing to timely object. *See* Fed. R. Civ. P. 33(b)(4); *see also Richmark Corp.*, 959 F.2d at 1483. Defendants have offered no explanation for their delay, much less one that establishes good cause to excuse their failure. Fed. R. Civ. P. 33(b)(4). As for

ORDER - 6

Defendants' response to the first set of interrogatories, any objections stated by the stipulated response deadline—June 14, 2024—are deemed timely and preserved, but objections raised in supplemental filings are waived, except for attorney-client privilege.

**3.3    Dandillaya must supplement his interrogatory responses.**

Dandillaya's responses to several interrogatories are inadequate and must be supplemented as detailed below.

First, Dandillaya's response to Interrogatory No. 4 is incomplete because it fails to provide responsive information about his company "Pacific Oaks Medical Group, Inc," which came to light through document production. Dkt. No. 124 at 4 (citing Dandillaya00025559-61). Dandillaya does not contest the existence of this company or his role in it. And he has offered no explanation for his failure to disclose this relevant information. Accordingly, he must supplement his answer to Interrogatory No. 4 to include complete information about this and any other responsive business interests.

Second, regarding Interrogatory No. 5, Dandillaya's response lacks sufficient detail about his efforts to recover the deposit that Amazon paid for the defective gloves. Dkt. No. 122-9 at 6. Dandillaya briefly stated the steps he took to recover the deposit money, thereby answering the question. But he failed to identify the specific communications reference in his response. To the extent that the referenced "communications" were documents (e.g., letters, emails, texts, social media messages, etc.) and not conversations, Dandillaya must provide them or identify

ORDER - 7

them by their Bates numbers if they have already been produced. *See* Fed. R. Civ. P. 33(d)(1) (allowing parties to respond to interrogatories by citing disclosed business records).

Third, Dandillaya's response to Interrogatory No. 6 concerning his relationship with the Church of Scientology is inadequate and evasive, as the interrogatory specifically requested information about any "contract(s) or other written agreement(s) that you contend memorializes the terms of payments between you and the Church of Scientology for your provision of goods and/or services to that Church." Dkt. No. 122-9 at 7. As Amazon alleges that Defendants fraudulently transferred money to the Church of Scientology, *see* Dkt. No. 66 at 47, the requested information is relevant. Accordingly, Dandillaya must fully and accurately respond to Interrogatory No. 6.

Fourth, Dandillaya has provided an incomplete response to Interrogatory No. 9, which requests information about his "current assets (other than those provided in response to Interrogatory No. 8), including, but not limited to, real estate holdings, vehicles, savings accounts, investment accounts, retirement accounts, cryptocurrency accounts, and personal property." Dkt. No. 122-11 at 5. This information is relevant to Amazon's fraud and voidable transaction claims. Dandillaya waived all objections—save for attorney-client privilege—by failing to timely object to this interrogatory. Moreover, even if his objections were not waived, Dandillaya has not met his "burden of showing that the discovery should be prohibited, [or] [his] burden of clarifying, explaining or supporting [his] objections."

ORDER - 8

*See Bryant*, 2009 WL 1390794, at *1 (citations omitted). Thus, Dandillaya must fully and accurately respond to Interrogatory No. 9.

Next, Dandillaya's response to Interrogatory No. 10 is inadequate because it fails to provide information for a bank account known to exist by way of other discovery. Defendants do not contest the existence of this bank account. *See generally* Dkt. No. 125. Accordingly, Dandillaya must supplement his response to address the missing bank account and all other missing information.

Finally, the Court directs Dandillaya to review his responses to Interrogatory Nos. 1 and 8 and to supplement them if they are inaccurate, misleading, or incomplete considering other discovery, as Amazon has alleged.

### 3.4 Paradigm must supplement its Interrogatory Responses.

Like Dandillaya's responses, the Court finds that Paradigm's responses to multiple interrogatories are inadequate and must be supplemented.

First, Paradigm's responses to Interrogatory Nos. 2–5 and 9 are incomplete because they fail to acknowledge that Defendant Kareem Marmosh is its agent and/or employee. Dkt. No. 123 at 5 (citing Dkt. No. 120). Paradigm Defendants do not contest Amazon's assertion. *See generally* Dkt. No. 125 (Defendants' Response). As for Interrogatory No. 5 specifically, to the extent that Paradigm's answer referred to documents and not conversations, Paradigm must provide those documents, or identify them specifically by their Bates Numbers if they have already been produced in discovery. *See* Fed. R. Civ. P. 33(d)(1). Accordingly, Paradigm must supplement these discovery responses, providing the requested information as to Marmosh and any other Paradigm agents or employees.

Second, Paradigm's response to Interrogatory No. 10 is incomplete because it fails to provide the requested contact information for Paradigm's "point(s) of contact . . . with [its] manufacturers." Dkt. No. 122-10 at 8. Given the importance of the manufacturer relationships to Amazon's claims, this information is clearly relevant, and Paradigm does not explain why it failed to provide this information. Accordingly, it must supplement its response to fully answer Interrogatory No. 10.

Third, Paradigm failed to answer Interrogatory Nos. 8, 11, 12, 13, and 18 because it failed to identify the records it vaguely referenced in response to those interrogatories. *See* Fed. R. Civ. P. 33(d)(1); Dkt. Nos. 122-10 at 8–11; 122-12 at 5–6. A responding party invoking Rule 33(d) must "specify the records . . . in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Paradigm's vague references to unspecified documents within a production exceeding 290,000 pages falls far short of this requirement. *See Rainbow Pioneer*, 711 F.2d at 906 (rejecting responses that merely directed the requesting party to undifferentiated records, including "books of accounts, banking accounts, records, computer printouts, ledgers and other documents"). Paradigm must supplement these responses by identifying specific documents by Bates numbers.

Finally, regarding Interrogatory No. 14, Amazon contends that Paradigm answered incorrectly to avoid disclosure. *See* Dkt. No. 123 at 5. Defendant does not respond to this contention. *See generally* Dkt. No. 125. Accordingly, Paradigm must update this response to explain the $190,000 transaction with Medipocket, Inc., and

if it chooses to reference documents in its response, it must produce and identify them consistent with Rule 33(d)(1).

**3.5    An award of attorney fees is appropriate.**

Rule 37 mandates that "[i]f the [discovery] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court "must not order this payment" if: (i) the movant filed the motion before attempting to obtain the information without court involvement; (ii) the opposing party's nondisclosure or objection was "substantially justified"; or (iii) "other circumstances make an award of expenses unjust." *Id*. None of these exceptions apply here.

Amazon tried to obtain the undisclosed information from Defendants in good faith before filing this motion. Defendants' failure to provide complete responses and their repeated failure to meet agreed deadlines is not substantially justified. Moreover, no other circumstances would make a fee award unjust. To the contrary, Defendants' pattern of delay and noncompliance has unnecessarily prolonged discovery and increased litigation costs. *See Knickerbocker v. Corinthian Colls.*, 298 F.R.D. 670, 678–80 (W.D. Wash. 2014) (awarding sanctions where defendant "consistently failed to meet deadlines—even deadlines that [the defendant] imposed

ORDER - 11

on itself"). Thus, the Court must order Defendants to pay Amazon's *reasonable* attorney's fee associated with bringing this motion to compel.

In determining a reasonable fee award, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine whether the requested fees are reasonable, the court applies the lodestar method. *Id.* Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

In assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors: the novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, time limitations imposed by the client or circumstances, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341–42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975)).

Amazon submitted a billing log showing $87,089.25 in attorney's fees purportedly related to this motion, Dkt. No. 122-13, but requests $40,000 in attorney's fees for bringing this motion. Dkt. Nos. 121 at 11; 122 ¶ 9. Even with this reduction, the Court finds that the time spent on this motion to compel was excessive. The issues presented in the motion were neither complex nor novel—the

responding party simply didn't respond to Amazon's discovery request. A motion to compel under these circumstances couldn't be more straightforward, and thus a downward adjustment of Amazon's requested fees warranted. *See LaFarge Conseils*, 791 F.2d at 1341. Based on the factors just discussed, the court finds that Amazon is entitled to 20 hours of attorney time at the associate billing rate of $580 per hour, which results in total fees of $11,600.

## 4.  CONCLUSION

In sum, the Court GRANTS IN PART Amazon's motion to compel. Dkt. No. 121. The Court ORDERS Defendants Dandillaya and Paradigm to pay Amazon $11,600 in attorney's fees no later than 14 days from the date of this order. Dandillaya and Paradigm must provide complete and accurate discovery responses as outlined by this Order by no later than 14 days from now. The Court further DIRECTS the Parties to include all reasoning in support of any future motions in the body of those motions.

Dated this 7th day of May, 2025.

Jamal N. Whitehead
United States District Judge